## L. A. FINLEY, Syndic, *v.* P. MALLARD.

The interest on a claim is not suspended by the debtor placing it upon his schedule, where the creditor takes no part in the proceeding although the debtor may obtain a respite.

APPEAL from the Fifth District Court of New Orleans, *Augustin*, J. *Walker & Pierce*, for plaintiff.  *G. LeGardeur*, for defendant and appellant.

COLE, J.   The sole question in this case is, whether the debtor, who, being in embarrassed circumstances, applies to his creditors for a respite to pay the various sums due by him, as put down in his bilan, is bound to pay interest to a creditor whose claim was placed on the schedule, but who did not vote or take any part in the proceedings.

The lower court decided the question in the affirmative, and defendant has appealed.

The law makes the debt at bar bear five per centum interest from its maturity; the interest was then a part of the contract at the time the note sued on was made; defendant knew at the time he signed it, that if it was not paid at maturity, it would afterwards bear five per centum interest.

The other creditors cannot, by granting a respite, deprive plaintiff of his right to get the whole amount due him after the expiration of the time accorded by the respite.

This would be a violation of the contract.

Defendant did not in his petition ask to be relieved from the payment of interest, but only a certain extension of time for the payment of his debts.

The debt at bar was a certain sum bearing interest; the interest was accessory to the principal debt, and when time was given to pay the principal debt, the interest was therein included, and the respite was really time granted to pay the original debt and the interest that might accrue thereon.

The respite cannot be considered as creating a novation of the debt, or as a new contract by which plaintiff agreed to take at a future time less than the amount actually due, but only a postponement of the payment of the amount due to a period beyond the maturity of the debt.   *Vide* 2 Kent, 461; C. C. 1932; Session Acts 1852, 95.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed, with costs.